## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MONTANA

In re

**LEROY WESTCOTT**,

Debtor.

Case No. **08-61470-13**

## MEMORANDUM OF DECISION

At Butte in said District this 30th day of June, 2009.

In this Chapter 13 case the Trustee filed on April 28, 2009, a motion (Docket No. 26) to vacate the Order confirming Debtor's Plan (Docket No. 23), and a notice of late-filed claim (Docket No. 30) objecting to Proof of Claim No. 9 filed by the Debtor on behalf of Rock Creek Financial, Inc. ("Rock Creek Financial"), which is provided for in the Plan. Debtor filed responses in opposition on the grounds that he filed Claim 9 for Rock Creek Financial which is paid through the confirmed Plan, that confirmation of Debtor's Plan binds the Trustee and the Debtor under 11 U.S.C. § 1327, and that the confirmed Plan's treatment of Rock Creek Financial's secured claim constitutes an informal proof of claim which can be amended by a later filed proof of claim, citing *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991). Hearing on these matters was held at Missoula on June 18, 2009. The Chapter 13 Trustee appeared. Debtor was represented by attorney Edward A. Murphy of Missoula. The parties agreed to submit the matters on stipulated facts. The Court granted the parties time to file their stipulation of facts, which has been filed and reviewed by the Court together with the record and applicable law. These matters are ready for decision. For the reasons set forth below the Trustee's objection to late filed claim is sustained, and the Trustee's motion to vacate confirmation Order is granted.

This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. § 1334(a). The Trustee's motion and objection to late filed claim are core proceedings under 28 U.S.C. §§ 157(b)(2)(B) and (L). This Memorandum includes the Court's findings of fact and conclusions of law.

The parties submitted the following Stipulation of Facts (Docket No. 36):

  1. Leroy Westcott filed a petition for relief under Chapter 13 of the Bankruptcy Code on October 24, 2008. The schedules and Chapter 13 Plan were filed on November 12, 2008. Schedule D. Listed Rock Creek Financial as a secured creditor in the amount of $6,963.00. The Chapter 13 Plan proposed to pay Rock Creek Financial as an impaired secured creditor in the amount of $6,963.00 at an interest rate of 6.5%.

  2. The Notice of Filing set the meeting of creditors for December 12, 2008, and set the bar date for filing proofs of claims for March 12, 2009.

  3. Rock Creek Financial did not file a proof of claim in the case.

  4. The Debtor filed an Amended Chapter 13 Plan on January 8, 2009. The Plan continued to treat the Rock Creek Financial claim as an impaired secured claim in the amount of $6,963.00 payable at a rate of interest of 6.5%. On January 9, 2009, the Trustee filed his consent to the Plan and on January 14, 2009, the Court issued its order confirming the plan.

  5. On April 28, 2009, the Trustee filed a motion to vacate the order confirming the Chapter 13 Plan on the grounds that although the Plan provides that Rock Creek Financial was to be paid as a secured creditor, no proof of claim had been filed.

  6. On May 11, 2009, the Debtor filed a Proof of Claim on behalf of Rock Creek Financial and objected to the motion to vacate.

  7. On May 14, 2009, the Trustee filed his Notice of Late Filed Claim.

  8. On June 17, 2009, the Debtor filed an amended claim on behalf of Rock Creek Financial with the combined note and security agreement attached.

  9. Rock Creek Financial's lien is perfected by filing with the Motor Vehicle Registrar.

Additional relevant facts shown by the docket is that the Notice of Filing of the case (Docket No. 5) set the hearing on confirmation for January 15, 2009, before the claims bar date

2

of March 12, 2009. The Notice was served on Rock Creek Financial.

## DISCUSSION

The Debtor argues that the confirmed Plan includes an informal Proof of Claim with respect to Rock Creek Financial, and that confirmation binds the Debtor, creditor and Trustee. The Trustee argues that the Plan was filed by the Debtor, not by the creditor, that Debtor failed to show evidence that the creditor intends to hold the Debtor liable as required under the decisions *In re Sambo's Restaurants,* 754 F.2d 811, 815 (9th Cir. 1985); *In re Edwards Theaters Circuit Inc.*, 70 Fed. Appx. 930 (9th Cir. 2003), and finally that the prof of claim does not include any attachment evidencing any secured interest. Debtor responds that once an informal proof of claim is filed he may file an amended claim as he did, and it relates back under *Holm*.

The Court first addresses the Trustee's objection to late filed Claim 9, which alleges that the Debtor filed Claim 9 on May 11, 2009, after the claims bar date of March 12, 2009. The claims register and stipulated facts verify the Trustee's allegations. Debtor filed Claim 9 on May 11, 2009, and filed an amended Claim 9 on June 17, 2009. Section 502(a) of the Code provides that a claim or interest, proof of which is filed under 11 U.S.C. § 501, is deemed allowed unless a party in interest objects. Section 501(c) authorizes a debtor or trustee to file a proof of claim if a creditor does not timely file a proof of claim. Rule 3004, F.R.B.P. authorizes a debtor or trustee to file a proof of claim within 30 days after the expiration of the claims bar date, if a creditor does not timely file a proof of claim. The Debtor did not file Claim 9 for Rock Creek Financial within the 30 days allowed by Rule 3004.

This Court has long recognized that bankruptcy courts have no discretion to allow a late filed proof of claim in a Chapter 13 case because of the necessity to determine whether a Chapter

3

13 plan satisfies the standard of 11 U.S.C. § 1325(a)(4) for distribution to unsecured claims.  In *re Quesnell*, 18 Mont. B.R. 80, 83 (Bankr. D. Mont. 1999); *In re Osborne*, 76 F.3d 306, 310-11 (9th Cir. 1996).  The Court noted in *Quesnell* that secured creditors are not mentioned in F.R.B.P. Rule 3002(a).  18 Mont. B.R. at 84.

However, Rule 3002(c) sets forth a claim bar date for timely filing a proof of claim.  The Ninth Circuit *In re Gardenhire*, 209 F.3d 1145, 1149-52 (9th Cir. 2000) surveyed cases including *Osborne* and held that the deadline of Rule 3002(c) may not be extended and has the force of law unless it is in direct violation of a specific statutory provision.  209 F.3d at 1149, quoting *Osborne*, 76 F.3d at 308.  Debtor cites *In re Babbin*, 164 B.R. 157, 163 (Bankr. D. Colo. 1994) which held that a proof of claim filed by a secured creditor cannot be disallowed as untimely because a secured creditor is not required to file a proof of claim.  The bankruptcy court *In re Nwonwu*, 362 B.R. 705, 706 (Bankr. E.D. Va. 2007) declined to follow *Babbin*, reasoning as in *Quesnell* and the Ninth Circuit decisions that importing the silence of Rule 3002(a) into the carefully crafted exceptions of Rule 3002(c) would defeat the purpose of a claim bar date, "which is to provide the certainty necessary to practical administration of a chapter 13 plan."

Debtor contends that confirmation binds the Trustee and creditor under § 1327(a) which provides:  "The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."  This Court noted in *Quesnell* that the rule does not apply where a creditor did not receive due process.  18 Mont. B.R. at 88.  The Court also noted:

> Furthermore, even if IGT had been sent notice of the confirmation hearing,

4

it did not receive notice that the bankruptcy court would determine the extent to which its judicial lien was secured .... "Mere notice that the bankruptcy court will hold a confirmation hearing on a proposed bankruptcy plan, without inclusion of notice specifically directed at the security valuation process, does not satisfy the requirement of [F.R.B.P.] Rule 3012." *In re Calvert*, 907 F.2d 1069, 1072 (11th Cir. 1990); [*In re Linkous*, 990 F.2d 160, 162 (4th Cir. 1993)]. Mont. LBR 3012-1 provides that in this Court: "The amount of an allowed secured claim may not be litigated at a confirmation hearing" in a Chapter 13 case.

*Quesnell*, 18 Mont. B.R. at 89.

A leading commentator recognizes some conflict encompassed in the binding effect of § 1327:

> Thus, it should always be possible as part of the process for confirmation of a chapter 13 plan to determine the amount of an allowed secured claim, as many courts have routinely done. However, it is also clear that specific notice must be given to the creditor that this issue will be considered. If the creditor has filed a proof of claim, notice of a valuation proceeding under Federal Rule of Bankruptcy Procedure or an objection to the claim under Federal Rule of Bankruptcy Procedure may be required. If the creditor has not filed a proof of claim, an adversary proceeding may be necessary. The critical principal is that the creditor must be drawn into the case through a proceeding in which it receives specific notice of what is at stake.
>
> * * * *
>
> One of the principal purposes of chapter 13 was to provide individual debtors with effective ways of dealing with secured creditors, and a secured creditor may be provided for in a plan even if it does not file a claim. Therefore, a secured creditor ignores a chapter 13 case at its peril.

8 COLLIER ON BANKRUPTCY, ¶ 1327.04[2] (15th ed. 2006).

In the instant case Rock Creek Financial was served with the Debtor's Plan, but was not served with an adversary proceeding to determine the extent of its lien, or with a motion for valuation. It is not known whether Rock Creek Financial opposes or agrees with the treatment of its secured claim in the Plan.

However, before the Court is the Trustee's objection to late filed claim. Under § 502(b)(9), if an objection to a claim is made, the Court after notice and a hearing "shall determine" the amount of such claim "and shall allow such claim in such amount, except to the extent that – . . . (9) proof of such claim is not timely filed ...." With respect to the Proofs of Claim filed by the Debtor, the facts are not in dispute that the Debtor did not file Claim 9 before the claim bar date expired, or within the 30 additional days allowed under Rule 3004. Debtor's position is that § 1327(a) binds the Trustee and creditor, notwithstanding the admitted late filed claim.

Courts generally avoid construing one provision in a statute so as to suspend or supersede another provision. *Rake v. Wade,* 508 U.S. 464, 471-72, 113 S.Ct. 2187, 2192, 124 L.Ed.2d 424 (1993). Statutory construction canons require that "[w]here both a specific and a general statute address the same subject matter, the specific one takes precedence regardless of the sequence of the enactment, and must be applied first." *In re Padilla*, 222 F.3d 1184, 1192 (9th Cir. 2000); *In re Khan*, 172 B.R. 613, 624 (Bankr.D.Minn.1994) (citing *Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980) and *Preiser v. Rodriguez*, 411 U.S. 475, 489-90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)). Section 502(c)(9) is the more specific statute addressing the Trustee's objection to late filed claim, and therefore must take precedence over § 1327(a). Thus under longstanding case law including *Quesnell*, *Osborne*, and *Gardenhire*, the Trustee's objection to Claim No. 9 must be sustained and Claim No. 9, as amended, filed by the Debtor must be disallowed.

The Debtor contends that the treatment of Rock Creek Financial in the Plan itself constitutes an informal proof of claim, which may be amended under *Holm*. In *Holm* the Ninth

Circuit set forth the requirement for a document to constitute an informal proof of claim. 931 F.2d at 622. It must (1) state an explicit demand showing the nature and amount of the claim against the estate; and (2) evidence an intent to hold the debtor liable. *Id.* In *Holm*, a plan and disclosure statement filed a creditor prior to the claims bar date was held to constitute an informal proof of claim. *Id.* at 622-23. *Holm* also cited *In re Franciscan Vineyards, Inc.*, 597 F.2d 181, 183 (9th Cir. 1979), *cert. denied*, 445 U.S. 915, 100 S.Ct. 1274, 63 L.Ed.2d 598 (1980) (letter sent to trustee constituted an informal proof of claim). The evidence offered in the instant case does not satisfy the requirements of *Holm*. No document exists in the evidence from Rock Creek Financial that states an explicit demand showing the nature and amount of the claim, and no evidence exists of an intent by Rock Creek Financial to hold the debtor liable. Rock Creek Financial has not appeared in this case.

    The Debtor's documents, including the Schedules and Plan treatment of Rock Creek Financial, are not statements of the creditor. Reference in schedules and plan prior to the claim bar date is inadequate to constitute an informal proof of claim. *In re Boucek*, 280 B.R. 533, 536 n.6 (Bankr. D. Kan. 2002); *In re Crawford*, 135 B.R. 128, 132 (D.Kan. 1991) (the scheduling of debt does not constitute the filing of claims, whether formal or informal); *In re Rome*, 162 B.R. 872 (Bankr. D. Colo. 1993) (Chapter 13 plan cannot constitute informal proof of claim).

    Having determined that the Debtor filed Claim 9 late, and the Plan does not constitute an informal proof of claim, what remains is the Trustee's motion to vacate the Order confirming Debtor's Plan, which the Debtor opposes because of the binding effect of confirmation under § 1327. Debtor's Plan was confirmed prior to the expiration of the claim bar date, and so confirmation proceeded under the presumption that Rock Creek Financial's claim would be

allowed.

In order for Debtor's Plan to be confirmed it had to satisfy the requirements of 11 U.S.C. § 1325, including § 1325(a)(1) "the plan complies with the provisions of this chapter and with the other applicable provisions of this title", and § 1325(a)(5) "with respect to each allowed secured claim ...." The Court's Order confirming Debtor's Plan specifically found "that the plan meets the requirements of 11 U.S.C. Sec. 1325." That finding turns out to be erroneous.

With the disallowance of Claim 9 as late filed, and the Court's finding that the Plan does not constitute an informal proof of claim, Rock Creek Financial does not have an allowed claim under § 502(b)(9) because that section requires the timely filing of a proof of claim. *Boucek,* 280 B.R. at 537. *Boucek* goes on to state: "While a creditor does not lose its lien by failing to file a timely proof of claim under § 506(d), the creditor is denied an allowed secured claim and is deprived of the right to participate in plan distributions." *Id.* at 538. Rule 3021, F.R.B.P. states that after a plan is confirmed, "distribution shall be made to creditors whose claims have been allowed ...." Section 1325(a)(5) requires that secured claims provided for by the plan be "allowed secured claims."

Under § 1325(a)(1), confirmation is required only if a plan complies with the provisions of Chapter 13 "and with the other applicable provisions of this title." Prior to the confirmation hearing the Trustee had no way of knowing whether Rock Creek Financial would file a claim, or that the Debtor would fail to file a claim for the creditor within the time allowed, but 11 U.S.C. § 1324(b) requires the hearing on confirmation of a plan be held before the expiration of the claims bar date: "The hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court

8

determines that it would be in the best interests of the creditor and the estate to hold such hearing at an earlier date and there is no objection to such earlier date."

Section 105(a) provides in pertinent part: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Because of the Trustee's successful objection to Claim 9, the Court finds that it is necessary and appropriate to grant the Trustee's motion and vacate the Order confirming Debtor's Plan, because Rock Creek Financial did not have an allowed secured claim under § 1325(a)(5). The Plan should not have been confirmed, and Rock Creek Financial cannot receive a distribution under Rule 3021 because it does not have an allowed claim.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this Chapter 13 case under 28 U.S.C. sec. 1334(a).

2. The Trustee's motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (L).

3. The Trustee satisfied his burden of proof that the Proof of Claim filed by the Debtor on behalf of Rock Creek Financial was a late filed claim subject to disallowance under 11 U.S.C. § 502(b)(9) and F.R.B.P. 3002(c).

4. The treatment of a secured claim in a confirmed Chapter 13 Plan does not constitute an informal proof of claim.

5. Rock Creek Financial does not have an allowed claim under § 502(b)(9), or § 1325(a)(5).

6. Since Rock Creek Financial's claim has not been allowed, Rock Creek Financial cannot receive a distribution under the Plan under F.R.B.P. 3021.

7. The Court has the power under 11 U.S.C. § 105(a) to grant the Trustee's motion to

vacate the confirmation order, and it is necessary and appropriate to grant the Trustee's motion since Rock Creek Financial does not have an allowed claim.

**IT IS ORDERED** a separate Order shall be entered in conformity with the above sustaining the Chapter 13 Trustee's objection to late filed claim (Docket No. 30) and disallowing Proof of Claim No. 9, as amended, filed by the Debtor on behalf of Rock Creek Financial on June 17, 2009; and overruling the Debtor's objection (Docket No. 29), granting the Trustee's motion to vacate Order confirming Plan (Docket No. 26) filed on April 28, 2009, and vacating this Court's Order confirming Debtor's Chapter 13 Plan entered January 14, 2009 (Docket No. 23).

                                                      BY THE COURT

                                                      /s/ Ralph B. Kirscher
                                                      HON. RALPH B. KIRSCHER
                                                      U.S. Bankruptcy Judge
                                                      United States Bankruptcy Court
                                                      District of Montana